IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION H-10-419 |
| v. § | |
| § | CIVIL ACTION H-16-1490 |
| ROBERT DAVID WATSON. § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Robert David Watson, proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 66). The Government filed a motion to dismiss (Docket Entry No. 83), to which Defendant filed a response (Docket Entry No. 84).

Having reviewed the section 2255 motion, the motion to dismiss, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DENIES the section 2255 motion for the reasons that follow.

*Background and Claims*

In 2009, the Securities Exchange Commission and the Commodity Futures Trading Commission brought civil lawsuits against Defendant, his co-defendants, and related entities for violations of securities and commodities laws through a multi-million dollar Ponzi scheme. The lawsuits were consolidated and assigned to this Court under C.A. No. H-09-1540. The Court froze the assets owned, controlled, managed, or held by or for the benefit of the defendants and appointed a receiver to recover and distribute funds to defrauded investors. Funds recovered by the receiver were ultimately distributed to the defrauded investors, and all remaining or unadjudicated claims against Defendant, co-

defendants, and the related entities were dismissed in 2013. Defendant was represented by retained counsel until counsel's withdrawal on July 28, 2009.

Criminal securities fraud and obstruction charges were brought against Defendant in 2010 in the instant case. Defendant pleaded guilty to one count of securities fraud on June 10, 2011, and was subsequently sentenced to 240 months of imprisonment on February 10, 2012. Judgment of conviction was entered on February 20, 2012. No direct appeal was taken. Defendant was represented by appointed counsel throughout the criminal proceedings.

Defendant filed the instant *pro se* motion for relief under section 2255 no earlier than May 23, 2016, claiming denial of his Sixth Amendment right to counsel of his choice pursuant to *Luis v. United States*, ___ U.S. ___, 136 S. Ct. 1083 (2016). The Government moves to dismiss Defendant's motion as time barred.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of

constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

*Analysis*

In his single ground for relief, Defendant claims that his sentence violates the Sixth Amendment because he was denied counsel of choice. Because Defendant's judgment of conviction was entered in February 2012, Defendant must show that this section 2255 motion meets the one-year statute of limitations imposed by section 2255(f). Under that provision, the one-year limitation runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant relies here on section 2255(f)(3), and argues that limitations commenced on March 30, 2016, the date the United States Supreme Court issued its opinion in *Luis*. In *Luis*, the Supreme Court found that a pretrial restraint of assets needed to retain counsel violated the Sixth Amendment when the assets were not traceable to a crime or obtained

as a result of a crime; that is, the assets were "untainted." 136 S. Ct. at 1088. Defendant here contends that the facts of his case fall squarely within the parameters of *Luis*. However, Defendant does not cite any federal court case which has recognized a retroactive, collateral application of *Luis*. Indeed, to-date, neither the Supreme Court, the Fifth Circuit Court of Appeals, nor this Court has found *Luis* retroactively applicable on collateral review. Defendant further fails to show that *Luis* meets the requirements for retroactivity set forth in *Teague v. Lane*, 489 U.S. 288 (1989). Consequently, Defendant does not establish timeliness of his motion under section 2255(f)(3).

Regardless, Defendant does not establish that *Luis* factually applies. Although he argues that untainted assets were recovered and held by the receiver, he supports this assertion with only his own conclusory, self-serving affidavit. Defendant does not show that he was denied counsel of his choice as a result of a pretrial restraint of his legitimate, untainted assets. *See Luis* at 1088.

## *Conclusion*

The motion to dismiss (Docket Entry No. 83) is GRANTED and Defendant's section 2255 motion for relief (Docket Entry No. 66) is DENIED. A certificate of appealability is DENIED. Civil Action No. H-16-1490 is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on October 19, 2017.

Gray H. Miller
United States District Judge